UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY W.,

     Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. C19-5921 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by failing to account for all of her impairments, and by rejecting two medical opinions, her testimony, and her husband's lay witness statement. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is 62 years old, has a high school education, and has worked as a nursing assistant and cashier. Dkt. 7, Admin. Transcript (Tr.) 23. Plaintiff alleges disability as of March 1, 2014. Tr. 14. After conducting hearings in January and December 2017, the ALJ issued a decision finding Plaintiff not disabled. Tr. 106-82, 14-24.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found Plaintiff had the severe impairments of anxiety, depressive, and personality disorders, but found her vertigo and osteoarthritis were non-severe. Tr. 17. The ALJ found Plaintiff could perform medium work without hazards or climbing, and could perform simple, routine tasks with no public contact and only occasional superficial contact with coworkers. Tr. 19. The ALJ found that, although Plaintiff could not perform her past work, she could perform jobs existing in significant numbers in the national economy, such as janitor, hand packager, and dishwasher, and accordingly was not disabled. Tr. 22-24.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     The ALJ Did Not Err by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff contends the ALJ erred by discounting her testimony on her mental impairments. Dkt. 9 at 13-18. Plaintiff testified she cannot work because it is "really hard … to go out of the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

house" and she "really ha[s] a hard time trusting" people she does not know. Tr. 121. She has difficulty concentrating on reading or watching television. Tr. 129.

The ALJ discounted Plaintiff's testimony because her mental health symptoms improved when she followed recommended treatment and her activities were inconsistent with her testimony. Tr. 20-21.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). When Plaintiff began care in March 2014 with Kimberly Elliott, D.O., her anxiety was moderate and episodic, treated with a Xanax about once a week. Tr. 561. By September 2014, Plaintiff's anxiety had improved with medication and counseling and Dr. Elliott observed her to be only "[m]ildly anxious." Tr. 577. In January 2015 Dr. Elliott noted Plaintiff's anxiety was "relatively well controlled." Tr. 680. This was substantial evidence that treatment effectively controlled Plaintiff's anxiety. Plaintiff argues that in 2018 she still had severe symptoms. Dkt. 9 at 17 (citing Tr. 86, 39). But at that time she was not in regular counseling. *See* Tr. 86 ("intermittent attendance has been a barrier [to] further progress"), 39 (no longer in counseling). The ALJ compared the period when Plaintiff was in regular counseling to the time she was not, and rationally concluded that treatment effectively controlled her symptoms. Such comparison is not, as Plaintiff contends, cherry-picking the evidence. Although other interpretations of the record are possible, the Court must uphold the ALJ's rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court concludes improvement with treatment was a clear and convincing reason to discount Plaintiff's testimony.

1    An ALJ may discount a claimant's testimony if her level of activity is inconsistent with

2    claimed limitations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998). The ALJ cited

3    activities of "work[ing] outside a bit," keeping in touch with "a few friends," and walking her

4    dogs with her husband. Tr. 20-21 (citing Tr. 569). The ALJ did not explain how these activities

5    contradict Plaintiff's testimony. The error is harmless, however, because the ALJ provided the

6    clear and convincing reason of improvement with treatment. *See Carmickle v. Comm'r, Soc.*

7    *Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons to discount

8    claimant's testimony are valid, providing improper reasons is harmless error).

9    The Court concludes the ALJ did not err by discounting Plaintiff's mental symptom

10   testimony.

11   **B.     The ALJ Did Not Err in Evaluating the Medical Opinions**

12   An ALJ may only reject the contradicted opinion of an examining doctor by giving

13   "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

14         **1.     Kimberly Wheeler, Ph.D.**

15   Dr. Wheeler examined Plaintiff in May 2014 and opined she had marked limitations in

16   maintaining appropriate behavior, completing a workday and workweek, communicating and

17   performing effectively, adapting to changes, and performing detailed tasks. Tr. 570. The ALJ

18   rejected the marked limitations because Plaintiff improved with treatment, the limitations were

19   largely based on Plaintiff's unreliable self-reports, and Plaintiff's activities exceeded the opined

20   limitations. Tr. 21.

21   The ALJ noted Plaintiff was not in counseling at the time of Dr. Wheeler's evaluation,

22   but later improved with consistent treatment. Tr. 21, 20. As discussed above, Plaintiff's anxiety

23   went from moderate to mild with medication and counseling and was "relatively well controlled"

by January 2015. Tr. 561, 577, 680. This was substantial evidence that treatment effectively controlled Plaintiff's anxiety. Plaintiff had severe symptoms in 2018, but she was not in regular counseling at that time. Dkt. 9 at 7; *see* Tr. 86 ("intermittent attendance has been a barrier [to] further progress"), 39 (no longer in counseling). The ALJ did not err by discounting Dr. Wheeler's opinions based on Plaintiff's improvement with treatment.

An ALJ may discount a medical opinion that is "based 'to a large extent' on an applicant's self-reports and not on clinical evidence, [where] the ALJ finds the applicant not credible…." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). "However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Id.* The ALJ provided no evidence supporting her finding that Dr. Wheeler relied heavily on Plaintiff's self-reports. Tr. 21. The Commissioner contends Dr. Wheeler did "no testing whatsoever, but instead merely documented Plaintiff's subjective report of her symptoms." Dkt. 10 at 7 (citing Tr. 570-71). On the contrary, Dr. Wheeler documented numerous objective clinical observations, including appearance, speech, attitude and behavior, thought content and process, memory, concentration, and insight and judgment. Tr. 571-72. The ALJ erred by discounting Dr. Wheeler's opinions as heavily based on Plaintiff's self-reports.

Activities the ALJ cited were walking her dogs, planning dinner, working outside, embroidering, playing computer games, and keeping in touch with a few friends. Tr. 22. The ALJ did not explain how any of these activities contradict Dr. Wheeler's opinions and thus erred by discounting her opinions on this basis.

Inclusion of erroneous reasons was harmless, however, because the ALJ provided the specific and legitimate reason of improvement with treatment. *See Molina v. Astrue*, 674 F.3d

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination"). The Court concludes the ALJ did not err by discounting Dr. Wheeler's opinions.

   **2.    Alysa A. Ruddell, Ph.D.**

Dr. Ruddell examined Plaintiff in November 2016 and opined she had a severe limitation (*i.e.*, inability) in learning new tasks and was markedly (*i.e.*, very significantly) limited in adapting to changes, maintaining appropriate behavior, completing a normal workday and workweek, and planning for goals. Tr. 629. The ALJ rejected these opinions as largely based on Plaintiff's discounted self-reports and as internally inconsistent. Tr. 22.

The ALJ provided no evidence that Dr. Ruddell's opinions were heavily based on Plaintiff's self-reports. Dr. Ruddell performed a mental status examination with extensive objective observations. Tr. 630. The Commissioner contends the ALJ discounted Dr. Ruddell's opinions in part because they were inconsistent with the record of generally normal functioning. Dkt. 10 at 9. The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper *post hoc* argument upon which the Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). The ALJ found Dr. Ruddell's opined marked limitations "largely based on the claimant's self-reports, which are not wholly consistent with the record." Tr. 22. This is not the same as finding Dr. Ruddell's opinions inconsistent with the record. Dr. Ruddell's opinions were supported by her own clinical observations. The ALJ erred by discounting Dr. Ruddell's opinions as heavily based on Plaintiff's self-reports.

The ALJ found Dr. Ruddell's opinions internally inconsistent. Tr. 22. Dr. Ruddell was asked to rate 13 areas of "Basic Work Activity." She rated one as "None or Mild," seven as

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6

"Moderate," four as "Marked," and one as "Severe." Tr. 629. She rated the overall severity as "Moderate," meaning "there are significant limits on the ability to perform one or more basic work activity." *Id*. The form stated in smaller type that "Moderate" overall severity indicated a "GAF score equivalent" of 61-50. *Id*. The ALJ's reasoning that Dr. Ruddell's overall "Moderate" rating conflicts with the marked and severe limitations is sound. Opining that Plaintiff is completely unable to do a basic work activity—learn new tasks—is inconsistent with only moderate overall limitations in her ability to work. Plaintiff argues GAF scores measure something different from the basic work activities on the form. Dkt. 9 at 9. But there is no indication Dr. Ruddell was referring to some outside definition of GAF scores rather than the definition of "Moderate" given on the form itself. The ALJ did not err by discounting Dr. Ruddell's marked and severe limitations as inconsistent with her overall moderate rating. This was a specific and legitimate reason to discount Dr. Ruddell's opinions.

### 3. Moderate Limitations

The ALJ accepted Dr. Wheeler's and Dr. Ruddell's opinions of moderate, *i.e.*, "significant," limitation in performing routine tasks. Tr. 21, 22. Plaintiff contends vocational expert testimony establishes that a person with "significant limitations in the ability to perform routine tasks is disabled." Dkt. 9 at 10 (citing Tr. 150, 155, 178-79). The testimony Plaintiff cites does not support her contention. The vocational expert testified that a person who "cannot … do even simple routine tasks" fulltime or who was "off task 10% of the time due to poor concentration" was not employable. Tr. 150, 155; *see also* Tr. 179 (off-task 7% or 8% of the day is acceptable). Neither Dr. Wheeler nor Dr. Ruddell opined Plaintiff was completely unable to perform simple routine tasks, or would be off task 10% of the time. Plaintiff fails to show the moderate limitations they opined establish disability.

1    The ALJ did not err in addressing Dr. Wheeler's and Dr. Ruddell's opined moderate
2 limitations.

3 **C.    The ALJ Did Not Err by Discounting Lay Witness Testimony**

4    Plaintiff's husband filled out a Function Report, providing observations similar to
5 Plaintiff's testimony. Tr. 426-33. An ALJ may discount lay witness testimony by giving a
6 germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ here gave
7 Plaintiff's husband's statements only "some weight" because they were inconsistent with the
8 medical evidence and Plaintiff's activities, as discussed throughout the ALJ's decision. Tr. 22.
9    Lay witness testimony may not be rejected on the grounds that it lacks support from
10 medical evidence, but it may be rejected if contradicted by medical and other evidence.
11 *Diedrich*, 874 F.3d at 640; *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). As
12 discussed above, the ALJ rationally interpreted the medical record as showing Plaintiff's mental
13 impairments improved with treatment. Just as this was a clear and convincing reason to discount
14 Plaintiff's testimony, it was a germane reason to discount her husband's lay witness statements.
15 *See also Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that if an
16 ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are
17 germane to similar testimony by a lay witness).
18    The ALJ did not err by discounting Plaintiff's husband's statements.

19 **D.    The ALJ Did Not Harmfully Err in Determining Plaintiff's Severe Impairments**

20    At step two, an ALJ determines which of a claimant's medically determinable
21 impairments are severe. 20 C.F.R. §§ 404.1521, 416.921. Impairments are severe if they
22 "significantly limit" a claimant's "ability to do basic work activities." 20 C.F.R. §§ 404.1522(a),
23 416.922(a). An ALJ's failure to properly consider an impairment at step two may be harmless

where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Plaintiff contends the ALJ erred by excluding limitations caused by her panic disorder, vertigo, arthritis, and medication side effects. Dkt. 9 at 10-11. Plaintiff fails to establish harmful error. Substantial evidence supports the ALJ's finding that any limitations these conditions caused were transient, mild, or well controlled with treatment. Tr. 17.

Plaintiff testified she gets panic attacks, but they only last until she takes a pill. Tr. 141-42. This does not establish any limitation not accounted for in the RFC. Plaintiff cites treatment notes describing her self-reports that she has difficulty leaving the house, but as discussed above the ALJ permissibly discounted Plaintiff's self-reports.

Plaintiff asserts her vertigo is "severe" but identifies no limitations it causes. Dkt. 9 at 11. She testified medication effectively treats her vertigo. Tr. 140.

Plaintiff asserts it was unreasonable for the ALJ to find a 60-year-old with arthritis capable of medium work, but identifies no support in the record for any limitations caused by arthritis. Dkt. 9 at 10.

Plaintiff testified her medications for panic attacks and vertigo make her sleepy. Tr. 124, 139. The ALJ found both these conditions related to anxiety, which was well controlled with treatment compliance. *See* Tr. 21 (ALJ found "vertigo symptoms…appear to be related to the claimant's anxiety"); Tr. 139 (Plaintiff testified getting "really upset" leads to vertigo). Plaintiff testified she gets a panic attack five times a month and takes medication for it. Tr. 141-42. But, as the ALJ found, when compliant with treatment recommendations Plaintiff rarely needed this medication. Tr. 20. Tr. 139. Substantial evidence supports the ALJ's finding that when compliant with treatment Plaintiff's anxiety, and the related symptoms of panic attacks and

vertigo, were well controlled and thus not disabling.

Plaintiff has established no harmful error in the ALJ's step two determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 9th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE