UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY A. WICKMAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:19-CV-05921-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSANT TO 42 U.S.C. § 406(b) |

Presently before the Court is Plaintiff Mary A. Wickman's Motion for Attorney Fees under 42 U.S.C. § 406(b). Dkt. #27. Plaintiff seeks attorney's fees in the amount of $5,469.33. *Id*. at 1.[1] This amount comes from 25% of Plaintiff's retroactive benefits, $14,401.25, minus the fee of $8,931.92 previously ordered under the Equal Access to Justice Act (EAJA). Dkt. #28 at 2. "The Commissioner takes no position on the request to award a netted 406(b) award." Dkt. #30 at 4. However, if Plaintiff's netted fee request is granted, the Commissioner "requests that the Order distinguish between the full amount determined as reasonable under 406(b) and the net amount awarded for payment purpose." *Id*.

---

[1] Plaintiff's fee request for $5,496.33 appears to have transposed two digits. Dkt. #30 at 2. The correct amount Plaintiff requests is $5,469.33.

ORDER - 1

Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to 42 U.S.C. §§ 406(b). *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989). Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); *Stenswick v. Bowen,* 815 F.2d 519 (9th Cir.1987). Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Plaintiff was awarded $57,605 in past due benefits. Dkt. #28-3 at 2. Twenty-five percent of past due benefits is $14,401.25. Plaintiff's retainer agreement with counsel agreed to a twenty-five percent fee from total past-due benefits. Dkt. #28-2 at 1. The Court concludes attorney fees amounting to $14,401.25 are reasonable within the meaning of § 406(b). Because the awarded EAJA fees were lesser than $14,401.25, Plaintiff's counsel will refund directly to Plaintiff the $8,931.92 in EAJA fees that were previously awarded. *See Gisbrecht* at 796.

## CONCLUSION

Accordingly, having reviewed Plaintiff's Motion, the Commissioner's Response, the exhibits and declarations attached thereto, and the remainder of the record, the Court ORDERS as follows:

1) Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C § 406(b) is GRANTED in part. Plaintiff's attorney, Jeanette Laffoon, is awarded reasonable fees in the sum of

ORDER - 2

$14,401.25. Upon receipt, Plaintiff's counsel will refund directly to Plaintiff the $8,931.92 in EAJA fees that were previously awarded;

2) This payment of fees comprises 25% of Plaintiff's past-due benefits;

3) Any payment of fees is from the claimant's withheld past-due benefits. If the Commissioner has not withheld past-due benefits sufficient to satisfy this order and Plaintiff's attorney reports she is unable to collect the fee from the claimant, the Commissioner will satisfy this order via the procedures in the Program Operation Manual System (POMS) GN 03920.055.C.

IT IS SO ORDERED.

DATED this 10th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3